IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

XAVIER JUWON LACEY                                                                                    PLAINTIFF

      v.            Civil No. 4:21-cv-04088

WARDEN JEFFIE WALKER, Miller
County Detention Center; SHERIFF
JACKIE RUNION, Miller County,
Arkansas; SERGEANT HENDERSON,
Miller County Detention Center; and
TRANSPORT OFFICER NOLUND                                                                DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the matter to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff, Xavier Juwon Lacey ("Lacey") filed this civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF Nos. 1, 2, 6, 7, 8). An Amended Complaint was filed on December 8, 2021. (ECF No. 6).

**I.   BACKGROUND**

In Plaintiff's Amended Complaint, he alleges that on October 28, Sergeant Henderson and Transport Officer Nolound left him in his cell "over an hour in handcuffs." (ECF No. 6 at 4). Plaintiff further states that he split his forehead and "had to go to medical the same day." *Id*.

1

Further, Plaintiff indicates that he suing the Defendants in both their official and personal capacities. With respect to his official capacity claim, when asked to describe the custom or policy that he believes caused a constitutional violation, Plaintiff states "Cprl Punishment." *Id*. at 5.

Plaintiff checks that he is seeking both compensatory and punitive damages as relief for his claim. *Id*. at 7.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

The essential elements of a § 1983 claim are: (1) that the defendant(s) acted under color of

state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009).

Plaintiff's allegations include two bare assertions: that Defendants Henderson and Nolound left him handcuffed for over an hour in his cell; and that he split his forehead and had to go to medical on the same day. (ECF No. 6).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff

shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). Any injury resulting from conditions of confinement must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Keeping these principles in mind, the Court finds a bare claim that Plaintiff was kept in handcuffs in his cell for over an hour is insufficient to state an excessive force claim. Plaintiff makes no claim of damage from the handcuffs. Although Plaintiff mentions that he "split his head," Plaintiff does not claim that the injury was due to the handcuffs. Further, in any event, under controlling caselaw, such an injury would be insufficient to meet the "greater than *de minimis*" standard. *See Foster v. Metro. Airports Commission*, 914 F.2d 1076, 1077-78 (8th Cir. 1990)(holding without medical records indicating long-term injury, allegations of pain and nerve damage as a result of being handcuffed too tightly for two hours were insufficient to support claim for excessive force).

Finally, Plaintiff has failed to allege a plausible official capacity claim against the Defendants. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Plaintiff's official capacity claim against the Defendant is a claim against Miller County, Arkansas. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id*. 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991).

*Gorman*, 152 F.3d at 914.

Plaintiff has identified no policy or custom of Miller County which allegedly violated his rights. He, therefore, fails to state any plausible official capacity claim.

## IV.  CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Amended Complaint should be, and hereby is **DISMISSED WITHOUT PREJUDICE**.

**The Plaintiff has fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this 6th day of January 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE